FRICKER ET AL. v. CLEARWATER ET AL.

[No. 11,306.    Filed April 26, 1922.    Rehearing denied June 22, 1922.]

1. PRINCIPAL AND AGENT.—*Deed Left with Agent for Delivery on Grantor's Order.—Direction to Deliver.—Evidence.*—In an action to quiet title, where defendant claimed title under a deed left by grantor with a third party with instructions that he keep it until directed to deliver it, evidence *held* to sustain finding that the delivery of the deed to defendant grantee was never authorized. p. 458.

2. APPEAL.— *Questions Presented.— Admission of Evidence.— Failure to Object Below.*—Where there is no showing that any objection was made to the admission of certain evidence or that any exceptions were saved, no question is presented on appeal relative to the admission of such evidence. p. 460.

3. DEEDS.—*Delivery.—Evidence.—Competency.*—In an action to quiet title to land which defendant claimed under a deed executed by his maternal grandmother, but which deed plaintiff contended had never been delivered, it was proper for the court to refuse to permit defendant to prove by his mother that either of her parents ever deeded any property to her, that her mother talked to her about having deeded some property to plaintiff and that she had at one time made a will, and that she had never heard her mother say that she wanted the deed in question brought to her so that she could destroy it, and the number of pieces of property owned by her mother prior to signing such deed; such evidence being collateral and immaterial. p. 460.

From Marion Superior Court (A5,076); *Solon J. Carter,* Judge.

Action by Harry Clearwater and another against Oren A. Fricker and another. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*H. K. Bachelder* and *W. C. Bachelder,* for appellants.

*Clarence E. Weir, Charles W. Richards* and *Harry S. Clearwater,* for appellees.

McMAHAN, J.—Complaint by Harry S. Clearwater, hereafter designated as appellee, to quiet title to an undivided one-half interest in certain real estate, and for partition. Appellee claimed the land by descent, while Oren Fricker, herein designated as appellant, claimed under a deed which he claims was executed by Martha Clearwater, through whom both parties claim title.

The court found the facts specially to be in substance as follows: Martha Clearwater, who became the owner of the real estate in controversy prior to March 16, 1917, died intestate November 13, 1917, and left as her sole and only heirs, her husband, Hiram Clearwater, Ida Fricker, a daughter, and appellee, a son; Hiram Clearwater died before the beginning of this action, and left appellee and Mrs. Fricker as his only heirs; Mrs. Clearwater had complete possession and control over the real estate from the time she became the owner until her death; March 16, 1917, she signed a deed in which her husband joined, which purported to convey the real estate to appellant; Mrs. Clearwater, on the day when this deed was signed, placed it in the custody of A. L. Miers, and instructed him to hold such deed in his possession until he was ordered to deliver it; no other instructions or directions were ever given Mr. Miers by Mrs. Clearwater, and she never signed any other deed or instrument purporting to convey any part of said real estate; Mr. Miers took possession of this deed and kept it until November 7, 1917, when he, without any direction from Mrs. Clearwater, gave it to appellant, who at once placed it on record. The court found that appellant claims to own the whole of the real estate through said deed, but that appellee was the owner of an undivided one-half thereof by descent from his mother and father and that the land was indivisible.

The court concluded, as a matter of law, that appellee was the owner (1) of a one-third as heir of his

mother, and (2) of an undivided one-sixth as heir of his father, (3) that he was entitled to have his title quieted as against appellant, (4) that he was entitled to a decree of partition, and (5) that appellant take nothing on his cross-complaint.

Appellant excepted to the conclusions of law, and, after the decree, filed a motion for a new trial, specifying that the decision was not sustained by sufficient evidence, that it was contrary to law, and that the court erred in admitting and in excluding certain evidence.

The only questions presented for our consideration relate to the action of the court in overruling the motion for a new trial, the specifications of which are that the decision of the court, (1) is not sustained by sufficient evidence; (2) that it is contrary to law; and (3) in admitting and in excluding certain evidence.

Whether the decision of the court is sustained by sufficient evidence depends upon whether there is any evidence to support the findings that Mrs. Clearwater never directed or instructed Mr. Miers to deliver the deed to appellant; that Mr. Miers was never instructed to deliver said deed, and that it was never delivered to appellant.

Appellant contends the evidence shows there was a delivery of the deed to appellant by the husband of Mrs. Clearwater, and that in the absence of fraud the delivery by the husband will be considered as a delivery by the wife.

Mr. Miers, testifying relative to the delivery of the deed, said that he was called by telephone to bring the deed to the Clearwater home; that Mrs. Clearwater never said anything to him about the deed 1. after the day it was signed, at which time she told him to keep it until directed to deliver it; after receiving the telephone call he took the deed and went to the Clearwater residence, where he met appellant and

his father in the yard; the father told him to give the deed to appellant and he did so. There is ample evidence in the record to show that Mrs. Clearwater said she wanted to get the deed and destroy it; that she asked her husband to call Mr. Miers and have him bring the deed to her so she could destroy it, and on being informed that her husband had called Mr. Miers, and that the deed had been given to appellant, expressed her disapproval by saying that her husband never did anything she wanted. The evidence shows that for two or three days before appellant got possession of the deed, he was much exercised and made numerous attempts to reach Mr. Miers by telephone in order to have him bring the deed. Indeed the evidence is ample not only to sustain the finding of the court that the delivery of the deed was never authorized by Mrs. Clearwater, but that the delivery of the deed by Mr. Miers was brought about through fraud.

The finding of the court is that Mrs. Clearwater owned the land in question; that she signed the deed, her husband joining her; that when the deed was signed, she placed it in the custody of Mr. Miers and instructed him to keep it until ordered to deliver it; that it was later given to appellant by Mr. Miers without any direction or instruction from Mrs. Clearwater, and that she never directed or instructed anyone to deliver the deed to appellant. This finding is sustained by the evidence. There is no finding that the deed was delivered by or through the authority of the husband, and if there had been such a finding, the court would have been justified in finding that the act of the husband was fraudulent.

We hold that the finding of the court is sustained by the evidence.

Appellant next contends that the court erred in admitting certain evidence, as indicated in his motion for

a new trial, but there is no showing that any ob-

2.  jections were made to the admission of evidence
    of which complaint is made, or that any exceptions were saved. No question is therefore presented relative to the admission of this evidence.

Appellant also contends that the court erred in refusing to permit him to prove by his mother, Ida

Fricker, that neither of her parents ever deeded

3.  any property to her; that her mother talked to
    her about having deeded some property to appellee; that her mother at one time made a will; that her mother, in the presence of the witness, never said she wanted the deed in question brought to her so she could destroy it, and in refusing to permit the witness to state the number of pieces of property owned by Mrs. Clearwater prior to signing the deed in question.

Appellant has wholly failed to show that any exceptions were taken to the action of the court in refusing to admit this evidence or any part of it. No offers to prove were made, except to the questions as to whether Mr. or Mrs. Clearwater had ever deeded any property to the witness, and whether Mrs. Clearwater had ever said anything about having deeded any property to appellee. The evidence offered was collateral and immaterial. There was no error in the action of the court in sustaining the objections to the offered evidence.

No reversible error is shown. Judgment affirmed.